JEFFREY VAN KENT, OSB #214271
Van Kent Law, LLC
PO Box 83567
Portland, OR 97283
Tel: (503) 893-5545
Fax: 1 (503) 300-6199
E-mail: Jeffrey@vankentlaw.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HARRY DOUGLAS; KARRIE HOLMAN  Plaintiffs,  v.  GRAND MANAGEMENT SERVICES, INC.; BARBARA JOHNSON-MARTIN; LUCIUS CALVIN MARTIN AS TRUSTEE OF L CALVIN MARTIN & BARBARA JOHNSON-MARTIN FAMILY TRUST; BARBARA JOHNSON-MARTIN AS TRUSTEE OF L CALVIN MARTIN & BARBARA JOHNSON-MARTIN FAMILY TRUST  Defendants. | Case No.: 3:24-cv-00687-SB  **AMENDED COMPLAINT**  Federal Fair Housing Act, 42 U.S.C. §3601 et seq., and Rehabilitation Act of 1973, 29 U.S.C. § 794  **DEMAND FOR JURY TRIAL** |

### INTRODUCTION

1. Plaintiffs Harry Douglas ("Mr. Douglas") and Karrie Holman ("Ms. Holman") are tenants at a Tillamook County, Oregon, senior apartment complex owned and managed by Defendants.

Page 1 of 6  –  AMENDED COMPLAINT

Mr. Douglas suffers from a chronic autoimmune, neuromuscular disease that causes weakness in his skeletal muscles. Over the course of about a year and a half, Mr. Douglas and Ms. Holman anxiously awaited Defendants to install a ramp for Mr. Douglas at the front of their rental home. Defendants initially approved a reasonable accommodation for the in April 2022, based on a written request from Mr. Douglas' doctor. Nonetheless, Defendants failed to install the ramp until after Mr. Douglas fell on his front patio in October 2023.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343(a)(3), as Plaintiffs' claims arise under the laws of the United States, and 42 U.S.C §3601 et seq., as Plaintiffs' claims involve discriminatory housing practices.

3. This action is authorized under the Fair Housing Act, 42 U.S.C. §3601 et seq, and the Rehabilitation Act of 1973, 29 U.S.C. § 794a(a)(2).

4. This Court has personal jurisdiction over the parties as follows:
    a) Plaintiffs Harry Douglas and Karrie Holman, as residents of Tillamook, Oregon;
    b) Defendant Grand Management Services, Inc., as an Oregon corporation with a principal place of business in Coos Bay, Oregon, and as the property manager of the relevant real property located in Tillamook, Oregon;
    c) Defendants Lucius Calvin Martin and Barbara Johnson-Martin as residents of Medford, Oregon, and as trustees of L Calvin Martin & Barbara Johnson-Martin Family Trust, owner of the relevant real property located in Tillamook, Oregon. FRCP 4(k)(1)(A).

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) given that: Defendants own and manage the real property in Tillamook County, Oregon, conduct regular business in Tillamook County, Oregon, and all the events giving rise to Plaintiffs' claims occurred in and involved the real property in Tillamook County, Oregon.

## PARTIES

6. Plaintiffs Harry Douglas ("Mr. Douglas") and Karrie Douglas ("Ms. Holman") are a married senior couple renting an apartment at 3810 12th Street in Tillamook, Oregon.

7. Defendant Grand Management Services, Inc., ("Grand Management") is a property management company that operates the Evergreen Gardens Apartments located at 3810 12th Street in Tillamook, Oregon, and has managed the property since at least as early as January 2022.

8. Defendant Barbara Johnson-Martin, as an individual, and Defendants Lucius Calvin Martin and Barbara Johnson-Martin, as trustees of the L Calvin Martin & Barbara Johnson-Martin Family Trust (collectively referred to herein as the "Property Owners"), own the Evergreen Gardens Apartments located at 3810 12th Street in Tillamook, Oregon, and have collectively owned the property since at least as early as April 22, 2022.

9. The Property Owners are partnerships or sole proprietorships carrying out a housing program or activity receiving federal financial assistance within the meaning of the Rehabilitation Act, 29 U.S.C. § 794(a).

## FACTS

10. In January 2022, Mr. Douglas and Ms. Holman began renting Unit 6A (the "Rental Home") at the Evergreen Gardens Apartments.

11. The Property Owners receive federal financial assistance in operating the Evergreen Gardens Apartments as a United States Department of Agriculture Rural Development-subsidized housing complex.

12. Plaintiffs receive financial rent assistance from the Northwest Oregon Housing Authority pursuant to Section 8 of the Housing Act of 1973 (42 U.S.C. § 1437f) in the form of a Housing Choice Voucher.

13. The Rental Home's front door threshold is elevated relative to the Rental Home's concrete patio and the apartment complex's walkway.

14. On or about March 15, 2022, Ms. Holman submitted to Grand Management a medical provider letter requesting that the landlord provide a ramp to the Rental Home's front door and a mailbox at the front door due to Mr. Douglas' disability.

15. Specifically, the March 8, 2022, medical provider letter disclosed that Mr. Douglas was diagnosed with "Myasthenia Gravis which can result in weakness and double vision that can limit the patient's ability to walk for distances." The letter also stated that multiple other diagnoses further limit his functional capacity.

16. On or about April 22, 2022, Grand Management issued a letter to Mr. Douglas acknowledging receipt of an "RA" received on March 15, 2022. The Grand Management letter states "[w]e have reviewed and approved the reasonable accommodation letter from your doctor for you to have ramps installed at your front door and your mailbox installed at your front door." The letter goes on to state "GMS will install ramp and mailbox as soon as allows [sic] our budget allows us to do so."

17. Between March 15, 2022, and October 21, 2023, neither Grand Management nor the Property Owners installed a ramp at the Rental Home's front door.

18. On October 21, 2023, while walking on the Rental Home's concrete patio attempting to get to the front door, Mr. Douglas took a fall due to his disability. The fall caused Mr. Douglas to break bones in both his upper arms and led to extensive and ongoing medical care. While Mr. Douglas was receiving inpatient medical care, the Defendants finally installed a ramp for Mr. Douglas.

19. Due to Defendants' failure to install a ramp between April 22, 2022, and October 21, 2023, Mr. Douglas and Ms. Holman each experienced severe emotional distress and mental suffering, including but not limited to, fear, anxiety, stress, anger, hopelessness, helplessness, and mental anguish. During that period, Mr. Douglas also experienced physical discomfort while navigating the step at his front door.

## CLAIMS FOR RELIEF

### PLAINTIFFS' FIRST CLAIM FOR RELIEF

### (42 U.S.C. § 3604 – Disability Discrimination)

20. Plaintiffs reallege the paragraphs above and incorporate them herein.

21. Based on Mr. Douglas' handicap, Defendants violated 42 U.S.C. § 3604(f) by discriminating against Mr. Douglas and Ms. Holman, in the terms, conditions, or privileges of their rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, by refusing reasonable modifications necessary to afford Mr. Douglas and Ms. Holman's full enjoyment of the premises.

22. As a result of Defendants' discriminatory acts, Mr. Douglas and Ms. Holman are each entitled to noneconomic damages for emotional distress and mental suffering in an amount to be determined at trial pursuant to 42 U.S.C. § 3613(c)(1), and attorney fees and costs pursuant to 42 U.S.C. § 3613(c)(2).

### PLAINTIFFS' SECOND CLAIM FOR RELIEF

### (29 U.S.C. § 794 – Disability Discrimination)

23. Plaintiffs reallege the paragraphs above and incorporate them herein.

24. Based on Mr. Douglas' handicap, Defendants violated 29 U.S.C. § 794(a) by discriminating against Mr. Douglas and Ms. Holman when Defendants failed to install and pay for the ramp necessary to afford Mr. Douglas and Ms. Holman's full enjoyment of the premises.

25. As a result of Defendants' discriminatory acts, Mr. Douglas and Ms. Holman are each entitled to noneconomic damages for emotional distress and mental suffering in an amount to be determined at trial pursuant to 29 U.S.C. § 794a(a)(2), and attorney fees and costs pursuant to 29 U.S.C. § 794a(b).

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief. Award judgments in favor of Plaintiffs and against Defendants for:

a. Compensatory damages to be determined at trial;

b. Costs and reasonable attorney fees pursuant to 42 U.S.C. § 3613(c)(2) and 29 U.S.C. § 794a(b); and

c. Such other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED this 17th day of May 2024

/s/ *Jeffrey Van Kent*
Jeffrey Van Kent, OSB No. 214271
Email: Jeffrey@vankentlaw.com
PO Box 83567
Portland, OR 97283
(503) 893-5545

Attorney for Plaintiffs